IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re LORDSTOWN MOTORS CORP.
SHAREHOLDER DERIVATIVE
LITIGATION

Lead Case No. 1:21-cv-00604-SB
(Consolidated with Case Nos. 1:21-cv-00724-SB, 1:21-cv-00910-SB, and 1:21-cv-01010-SB)

---

Blake A. Bennett, Michael I. Fistel, Jr., COOCH AND TAYLOR, Wilmington, Delaware; Peter B. Andrews, Craig J. Springer, David M. Sborz, ANDREWS & SPRINGER LLC, Wilmington, Delaware; Benny C. Goodman, III, Erik W. Luedeke, ROBBINS GELLER RUDMAN & DOWD LLP, San Diego, California; Ryan M. Ernst, BIELLI & KLAUDER, LLC, Wilmington, Delaware.

*Counsel for Plaintiffs.*

Jonathan A. Choa, Michael A. Pittenger, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware; Raymond J. DiCamillo, RICHARDS, LAYTON & FINGER, PA, Wilmington, Delaware.

*Counsel for Defendants.*

---

**MEMORANDUM OPINION**

November 23, 2021

---

BIBAS, *Circuit Judge*, sitting by designation.

A ruling in one case can change the course of another. To avoid needless toil, courts can stay one until the other is resolved. I will do that here.

Lordstown Motors is a new public company that plans to make electric pickup trucks. D.I. 25 ¶¶ 2–4. It boasted that consumers would swarm to buy the trucks it would soon deliver. *Id.* ¶¶ 6–7, 9, 11–13. So investors bought its stock. *Id.* ¶ 10.

But Lordstown may have exaggerated how quickly it could make the trucks and how many people would want them. *Id.* ¶ 14. So a shareholder class sued the company in Ohio, alleging securities fraud. Consol. Am. Compl., *Rico v. Lordstown Motors Corp.*, No. 21-616 (N.D. Oh. Sept. 10, 2021) (D.I. 61). Then, other shareholders sued Lordstown leaders in Delaware, alleging that they had contributed to that fraud, breached fiduciary duties, and unjustly enriched themselves. D.I. 25 ¶ 1.

Lordstown moved to dismiss the Ohio case. Mot. to Dismiss, *Rico*, No. 21-616 (N.D. Oh. Nov. 9, 2021) (D.I. 70). Now it asks me to stay the Delaware case until the Ohio Court decides its motion. D.I. 28. The shareholders never answered. Because a stay will avoid prejudice while streamlining this case, I will grant the motion.

I have discretion to decide motions to stay. *Janklow ex rel. Stericycle, Inc. v. Alutto*, 2018 WL 6499869, at *2 (D. Del. Dec. 11, 2018) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). I ask if a stay would prejudice the shareholders, simplify the case, and promote judicial economy. *Id.* Here, each factor favors a stay.

A temporary stay will not prejudice the shareholders. Mere delay does not cause them "undue hardship." *In re Twitter, Inc.*, 2018 WL 3536085, at *3 (D. Del. July 23, 2018). Plus, this is a derivative action: the shareholders sued Lordstown leaders on behalf of the company, and any relief goes to Lordstown. So all parties benefit from

avoiding needless expense. Continuing this case makes Lordstown battle on two fronts: in Ohio and here in Delaware. That drains company resources and could force Lordstown to take conflicting positions. *Alutto*, 2018 WL 6499869, at *2. So a stay avoids prejudice.

Plus, a stay may simplify this case. The Ohio motion threatens to sink the class's claims. *Rico*, D.I. 70-1 at 13, 28, 33, 38–39. If there is no securities fraud, then shareholders might drop their contribution claims. After all, you can contribute to fraud only if there is a fraud in the first place. D.I. 25 ¶¶ 206–12; Consol. Am. Compl., *Rico*, D.I. 61 ¶¶ 451–68. And this action brings identical Exchange Act claims against some of the same defendants. D.I. 25 ¶¶ 196–205; Consol. Am. Compl., *Rico*, D.I. 61 ¶¶ 469–90. So staying this case until the Ohio motion is resolved will focus this Court's attention on the surviving claims.

Last, a stay promotes judicial economy. Litigating this derivative contribution claim duplicates efforts in Ohio. *See Alutto*, 2018 WL 6499869, at *2. And since this case "is in its infancy," staying it now does not waste spent resources. *Id.*

\* \* \* \* \*

A stay avoids prejudice, likely simplifies matters, and conserves court resources. And the shareholders never disagreed. So I grant the motion to stay until the Ohio Court decides the motion to dismiss.